IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RASHAWN WILLIAMS-JONES,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:24-cv-01683-JRR |
| **YURIY HRUSHKA,** *et al.*, | |
| *Defendants*. | |

<u>**MEMORANDUM OPINION**</u>

This matter comes before the court on Defendants Yuriy Hrushka and VHS Trucking Inc's. Partial Motion to Dismiss Count V of Plaintiff's Complaint and All Claims for Punitive Damages at ECF No. 6 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

**I.   BACKGROUND[1]**

On or about September 14, 2022, Plaintiff was operating a vehicle while driving southbound on I-795 in Baltimore County, Maryland. (ECF No. 2 ¶ 4.) Plaintiff then "slowed his vehicle to a stop in accordance with traffic conditions," whereupon Hrushka, who was operating a tractor-trailer behind Plaintiff's vehicle, "failed to slow the speed of his vehicle and proceeded to violently strike the rear" of Plaintiff's vehicle "with great force and no warning." *Id.* ¶¶ 5, 6. At the time of the accident, Hrushka "was operating his vehicle as the agent, servant, and/or employee of VHS Trucking and was operating his vehicle in the course of his agency, servantship[,] and/or employment and with the knowledge and consent of VHS Trucking." *Id.* ¶ 6.

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 2.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

Plaintiff alleges that Hrushka operated his vehicle in a "negligent, careless, and reckless manner and in violation of the traffic regulations then and there in force in the County of Baltimore and in the State of Maryland," by failing "to maintain a proper lookout," "to maintain proper control over his vehicle," "to operate their vehicle at a reasonable speed and prudent under the circumstances," "to reduce the speed of their motor vehicle," "to pay full time and attention to their driving," "to obey traffic control devices," and "to operate their motor vehicle safety." *Id.* ¶¶ 8, 10.  As a direct result of Defendants' negligence, Plaintiff alleges he "sustained serious, painful, and permanent injuries in and about his head, neck, back, shoulder, and other parts of his body." *Id.* ¶ 11.  Plaintiff further alleges that VHS Trucking is vicariously liable for the conduct of its agent, servant, and/or employee, Hrushka.  *Id.* ¶¶ 16–17.

On May 10, 2024, Plaintiff Rashawn Williams-Jones initiated this action against Defendants in the Circuit Court for Baltimore County, Maryland (Case No. C-03-CV-24-001762).  (ECF No. 2; the "Complaint").  On the basis of diversity of citizenship jurisdiction, Defendants subsequently removed the action to this court on June 10, 2024.  (ECF No. 1.)  Plaintiff's Complaint asserts five counts:

> Count I: Negligence of Defendant Hrushka
> Count II: Vicarious Liability
> Count III: Negligent Hiring, Training, and Supervision
> Count IV: Damages
> Count V: Punitive Damages

(ECF No. 2. ¶¶ 4–29.)  Relevant here, Plaintiff's Count V for Punitive Damages includes the sole allegation: "Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles [Plaintiff] to an award of punitive damages."  *Id.* ¶ 29.

2

## II.     LEGAL STANDARDS

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of a complaint; it does not, however, 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  In ruling on a Rule 12(b)(6) motion, the court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff."  *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citations and footnote omitted).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

Defendants' sole argument in its Motion is that Plaintiff's allegations are insufficient to support a claim for punitive damages, and the claim must therefore be dismissed. (ECF No. 6-1 at p. 3–4.) In opposition, Plaintiff argues that his claim should not be dismissed because he could amend his pleading after discovery. (ECF No. 14 at p. 2–3.)

Relevant here, "[i]t is a well settled proposition in Maryland law that a cause of action does not exist for punitive damages alone."[2] *Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602, 639 (2005) (citing cases); *see Impac Mortg. Holdings, Inc. v. Timm*, 245 Md. App. 84, 125 (2020), *aff'd,* 474 Md. 495 (2021) (explaining that "a claim for punitive damages is not a standalone cause of action"); *Warnick v. Delmarva Power & Light Co.*, No. CV RDB-23-0175, 2023 WL 7282950, at *4 (D. Md. Nov. 3, 2023) (dismissing a plaintiff's claim for punitive damages where he styled it as a separate count). Despite this, Plaintiff has styled his claim for punitive damages as a separate count, as opposed to a request in his prayer for relief. Accordingly, "[b]ecause punitive damages are not a separate cause of action under Maryland law, this count must be dismissed." *See Warnick*, 2023 WL 7282950, at *4. On that basis, the Motion will be granted, and Count V will be dismissed.

---

[2] "A federal court sitting in diversity is required to apply the substantive law of the forum state . . . ." *Francis v. Allstate Ins.*, 709 F.3d 362, 369 (4th Cir. 2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97 (1941) and *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 79 (1938)).

Somewhat confusingly, Plaintiff urges that the court ought not to dismiss Count V because "Plaintiff has not had the opportunity to amend his pleadings," and suggests he might seek to amend his complaint should discovery bear fruit supportive of a demand for punitive damages; Plaintiff also urges that because Rule 15 countenances that leave to amend shall be liberally granted, Count V should be left intact. Adding to this, Plaintiff does not in fact seek leave to amend his Complaint.[3]

In Maryland, punitive damages "are designed to . . . punish the wrongdoer for particularly egregious or heinous conduct and to deter others from following suit." *Anne Arundel Cnty. v. Reeves*, 474 Md. 46, 66 (2021). "What is needed to support an award of punitive damages is conscious and deliberate wrongdoing." *Hoffman v. Stamper*, 385 Md. 1, 42 (2005). "In a non-intentional tort action, the trier of facts may not award punitive damages unless the plaintiff has established that the defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, *i.e.*, 'actual malice.'" *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 460 (1992) (footnote omitted); *see McMillan v. Kansas City Life Ins.*, No. 1:22-CV-01100-ELH, 2023 WL 3901279, at *8 (D. Md. June 7, 2023) ("Indeed, the Court is not in short supply of cases from federal courts

---

[3] "A party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(3). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509 (citing *Foman*, 371 U.S. at 182); *see Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15"). Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. A court may also deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *see In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.").

interpreting Maryland's punitive damages law, as well as Maryland courts, that continue to find that wrongdoing or conduct only constitutes actual malice when it is characterized by evil motive, intent to injure, ill will, or fraud." (citing cases)). Allegations of malice "must still be alleged in accordance with Rule 8—a 'plausible' claim for relief must be articulated." *McMillan*, 2023 WL 3901279, at *8 (quoting *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012)).

Plaintiff's Complaint, and his substantive causes of action asserted therein, make no allegation of actual malice—no claim of evil motive, intent to injure, ill will, or fraud.[4] Plaintiff does not challenge the current condition of his Complaint; instead, he takes the position that the Motion should be denied presumably because Plaintiff could discover a basis for punitive damages in discovery.[5] This is unavailing. As discussed above, a demand for punitive damages is not a claim; regardless, the Complaint lacks any plausible allegation of actual malice or the like, and the court will not abide inappropriate use of the discovery process.[6] *McMillan*, 2023 WL 3901279, at *8; *St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, No. CV ELH-21-2337, 2023

---

[4] Plaintiffs' legal conclusion unsupported by any factual allegation that Defendants' conduct was "willful and wanton" in Count V is insufficient. (ECF No. 2 ¶ 29.) *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] Even though "[p]ractices in this District regarding dismissal of punitive damages claims on a Rule 12(b)(6) motion vary," *see Aarow Elec. Solutions v. Tricore Sys., LLC*, No. CV JKB-22-2363, 2024 WL 1443743, at *4–5 (D. Md. Apr. 3, 2024), Plaintiff here has not asserted any facts to demonstrate that amendment to include punitive damages claim in his Complaint would not be futile. *See McMillan v. Kansas City Life Ins.*, No. 1:22-CV-01100-ELH, 2023 WL 3901279, at *8 (D. Md. June 7, 2023) ("To be sure, Fed. R. Civ. P. 9(b) provides that '[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally; . . . 'malice must still be alleged in accordance with Rule 8—a 'plausible' claim for relief must be articulated.' 'Rule 9(b), thus, does not override the requirement that to survive a Rule 12(b)(6) motion to dismiss, a complaint must state a plausible claim for relief.'") (quoting *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012) and *Palmer v. Kirkland*, GLR-16-2636, 2017 WL 11615522, at *4 (D. Md. June 23, 2017)).

[6] Plaintiff relies on *CMH Manufacturing v. Neil*, 620 F. Supp. 3d 316 (D. Md. 2022), in support of his argument that he would be prejudiced by dismissal of his claim for punitive damages. This case is inapposite; it concerns factors to consider in "assessing the appropriate award of punitive damages"—an analysis that followed the court's conclusion that an award of punitive damages was potentially appropriate given the facts at issue. *Id.* at 323. While not argued by Plaintiff, the court does note that in an earlier opinion in the *CMH Manufacturing* case, No. CV JKB-21-0674, 2021 WL 4290634 (D. Md. Sept. 21, 2021), the court authorized limited discovery for punitive damages upon an entry of default judgment; however, there the plaintiff had alleged willful and malicious conduct, contrary to the circumstances here, and the claim arose under a different state's law. *Id.* at *6. Such facts are materially distinct from those present here.

WL 2743361, at *35 (D. Md. Mar. 31, 2023) ("Permitting plaintiffs to use discovery as a fishing expedition undermines the principle that only portions of a complaint which satisfy a plausibility standard, *i.e.*, more than possible and less than probable, should 'unlock the doors of discovery.'") (quoting *Dudek v. Nassau Cnty. Sheriff's Dep't*, 991 F. Supp. 2d 402, 414 (E.D.N.Y. 2013)); *Francis v. Maryland*, No. CV ELH-21-1365, 2024 WL 1156407, at *24 (D. Md. Mar. 18, 2024) (providing that "sufficient allegations are required to enable a party to conduct discovery.")  Given the foregoing, and because Plaintiff does not seek leave to amend, the court will not *sua sponte* invite Plaintiff to amend his pleading; he remains entitled to file a motion for leave to amend if and when he so chooses.

### IV.   CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 6) will be granted, and Count V for Punitive Damages will be dismissed.[7]  Because Defendants have filed their answers as to Counts I through IV, a scheduling order will follow.

Date: December 18, 2024                                      /s/_____
                                                             Julie R. Rubin
                                                             United States District Judge

---

[7] Defendants seek dismissal with prejudice of Plaintiff's claim for punitive damages.  The court declines to dismiss Plaintiff's claim for punitive damages with prejudice.  *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").